PEOPLE v CLARK

Docket No. 165052. Submitted October 9, 1996, at Grand Rapids. Decided November 26, 1996, at 9:00 A.M.

Troy E. Clark was convicted by a jury in the Kalamazoo Circuit Court, John F. Foley, J., of possession with intent to deliver more than 50 grams but less than 225 grams of cocaine and of possession of a firearm during the commission of a felony. The defendant appealed.

The Court of Appeals *held*:

1. The trial court did not err in denying the defendant's motion for the suppression of evidence of the cocaine and the firearm, which were found by the police in a search without a warrant of the trunk of his car after he was arrested for driving with a suspended license and after a drug-sniffing dog alerted the police to the presence of drugs in the trunk. The trial court correctly determined that, given evidence of the dog's training and certification, the dog's alert provided probable cause to search the trunk.

2. The trial court erred, so as to require reversal of the defendant's convictions, by denying the defendant's motion for a mistrial after the jury, while deliberating, discovered packets of suspected cocaine in a gun case submitted by the prosecution as an exhibit. The unexplained presence of the packets affected the defendant's right to a fair and impartial jury, calls into question the integrity of the judicial process, is offensive to the maintenance of a sound judicial system, and cannot be considered harmless error.

Reversed and remanded for a new trial.

1. Searches and Seizures — Searches Without Warrants — Automobiles — Drug-Sniffing Dogs — Probable Cause.

An alert by a police dog trained and certified for detecting narcotics provides the probable cause required for conducting a search without a warrant of an automobile following an arrest of its driver (US Const, Am IV).

2. Criminal Law — Trial — Appeal — Constitutional Law.

An error at trial affecting a constitutional right of a defendant requires a reversal of conviction on appeal where the error affected the outcome of the trial and is so offensive to the maintenance of a sound judicial system that it can never be considered harmless.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *James J. Gregart*, Prosecuting Attorney, and *Judith B. Ketchum* and *Gregory W. Russell*, Assistant Prosecuting Attorneys, for the people.

State Appellate Defender (by *Peter Jon Van Hoek*), for the defendant on appeal.

Before: NEFF, P.J., and HOEKSTRA and G. D. Lostracco,* JJ.

PER CURIAM. Defendant was convicted by a jury of possession with intent to deliver more than 50 grams but less than 225 grams of cocaine, MCL 333.7401 (2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant received a prison term of ten to twenty years for the cocaine conviction and a mandatory consecutive two-year prison term for the felony-firearm conviction. Defendant appeals as of right, and we reverse and remand for a new trial.

I

Defendant first argues on appeal that the trial court erred in refusing to suppress evidence of the cocaine and firearm seized by the police following a search of the trunk of defendant's car. Specifically, defendant argues that the police lacked probable cause to search the trunk. We find no error on the record before us.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

A

Persons are protected from unreasonable searches and seizures by the Fourth Amendment of the United States Constitution. See *People v Faucett*, 442 Mich 153, 157; 499 NW2d 764 (1993). This protection has been extended to the states through the Due Process Clause of the Fourteenth Amendment. *Id.* at 158. Although the Michigan Constitution also includes the right to be free from unreasonable searches and seizures, Const 1963, art 1, § 11, because the evidence involved here includes cocaine, our analysis is governed by the United States Constitution and the cases construing that document. *Id.; People v Bullock*, 440 Mich 15, 23-24; 485 NW2d 866 (1992).

Here, because the police did not have a warrant to search defendant's car, the trial court relied on the automobile exception to the warrant requirement. That exception provides that a search without a warrant of an automobile is reasonable if probable cause exists to believe it contains contraband. *United States v Ludwig*, 10 F3d 1523, 1528 (CA 10, 1993). Although one of the justifications for the automobile exception is exigency, where, as here, no exigency exists, "if police have probable cause to search a car, they need not get a search warrant first even if they have time and opportunity" to do so. *Id.* The basis for this rule is the lessened expectation of privacy in an automobile. See *California v Carney*, 471 US 386, 391; 105 S Ct 2066; 85 L Ed 2d 406 (1985).

B

The trial court determined that probable cause existed in this case because a trained police dog alerted officers that drugs might be present in the

trunk of defendant's car. Defendant argues that a police dog alert alone cannot create probable cause to search an automobile. On the facts of this case, we disagree.

1

In *Ludwig, supra,* the court examined this issue. The court began by noting that probable cause means that a fair probability exists that contraband or evidence of a crime will be found in a particular place. *Id.* at 1527. The court then considered the reliability of the canine alert, and concluded that such an alert is "at least as reliable as many other sources of probable cause and is certainly reliable enough to create a 'fair probability' that there is contraband." *Id.* at 1527. Even so, where the use of the dog is itself the result of illegal conduct by the officers, the fruits of the canine sniff, the evidence obtained through the dog's detection, must be suppressed. *United States v Buchanon,* 72 F3d 1217, 1226 (CA 6, 1995). In this case, defendant cannot point to any illegal activity on the part of the officers leading to the dog's alert at the trunk. The officers approached defendant after he stopped his car to talk to a friend, and he was lawfully arrested after they determined that he was driving with a suspended license.

2

Defendant's argument that the dog's alert in the passenger compartment of the car could not provide probable cause to search the trunk when the dog alerted there is not supported by the current state of the law. Even if the dog had not alerted in the passenger compartment and absent any indicia of illegal activity related to drugs on defendant's part, the dog's

alert at the trunk would provide adequate probable cause for the search of the trunk. *Ludwig, supra.*

3

Nonetheless, defendant argues that a cocaine-sniffing dog's alert cannot create probable cause because it can smell even minuscule amounts of cocaine, thus giving rise to the possibility of false alerts. In this argument, defendant attacks the reliability of the canine's alert.

While we agree that in certain cases it will be important to examine the dog's training, health, or other such conditions, we conclude that in the usual case, such as this one, all that is necessary in order to find the dog's alert to be reliable is evidence of the dog's training and current certification. See *United States v Wood*, 915 F Supp 1126, 1136 (D Kan, 1996). Here, we find that such evidence existed.

Accordingly, we hold that, on the facts of this case, the trial court properly found the drug-sniffing dog's alert at the trunk of defendant's car created sufficient probable cause to allow the police to search his vehicle and that the trial court did not err in denying defendant's motion to suppress the evidence.

II

Defendant next argues that reversal of his convictions is required because the jury inadvertently discovered two packets of cocaine in one of the prosecution's exhibits, defendant's gun and gun case. On this record, we agree.

A

After retiring to deliberate, the jury sent a notice to the trial court that it had found two packets of sus-

pected cocaine in the exhibit. Defendant's trial counsel immediately moved for a mistrial, and the trial court took the motion under advisement pending the verdict of the jury. Sometime after the verdict was rendered, the trial court held a hearing in which each juror was questioned, and each stated that the discovery of the contraband did not have an effect on the vote of guilty.

While we agree that all parties in the lower court acted properly, we conclude on careful reflection that error requiring reversal occurred when defendant's motion for a mistrial was denied.

B

Defendant denied ownership of the bag in which the main cache of drugs was found and had an explanation of how it came to be in the trunk of his car. However, he admitted owning the bag containing his gun and in which the jury discovered the small packets of white powder. The bag was in police possession from the time of defendant's arrest until his trial, and the police, the prosecutor, and defense counsel did not discover the packets while handling the bag. In addition, the lower court record does not indicate that the police dog alerted to the exhibit during the search of the trunk of defendant's car, which at least suggests that no drugs were in the bag at that time.

C

That error occurred here is not in question. The question is whether reversal is required as a result of the error. In making that determination, we conclude that the error was of constitutional proportion because it affected defendant's right to a fair and

impartial jury. Const 1963, art 1, § 20; *People v Sawyer*, 215 Mich App 183, 186; 545 NW2d 6 (1996). Accordingly, we must decide not only whether the error affected the outcome of the trial, but also whether it was so offensive to the maintenance of a sound judicial system that it can never be considered harmless. See *People v Minor*, 213 Mich App 682, 685-686; 541 NW2d 576 (1995).

We recognize that the jurors testified that the discovery did not affect their decision and that the evidence of defendant's guilt in this case was strong; thus, the error probably did not affect the outcome of the trial. On the other hand, serious questions remain regarding how and when the packets came to be in the exhibit. We do not conclude that any of the parties or witnesses intentionally placed the packets in the exhibit in question or were otherwise implicated in wrongdoing; on this record, we cannot reach such a conclusion. However, we find that, on the record as set forth above, the unexplained circumstances in which the jury found this contraband in an exhibit while deliberating calls into question the integrity of the judicial process, and thus the error is so offensive to the maintenance of a sound judicial system that it could never be considered harmless. Accordingly, we find that the trial court abused its discretion in failing to order a mistrial.

### III

Finally, defendant argues that because two of four days of his trial transcript are unavailable because of the death of the court reporter after trial, he is entitled to a new trial. Because of our disposition of issue II, we need not reach this issue.

Reversed and remanded for a new trial. We do not retain jurisdiction.