# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 19, 2016

Plaintiff-Appellee,

v

No. 326388
Wayne Circuit Court
LC No. 14-006308-FH

ANTHONY LAMONT JOHNSON,

Defendant-Appellant.

Before: BOONSTRA, P.J., and METER and BECKERING, JJ.

PER CURIAM.

Defendant, Anthony Johnson, appeals as of right his jury convictions of possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*), and possession of less than 25 grams of heroin, MCL 333.7403(2)(a)(*v*). The trial court sentenced defendant as an habitual offender, second offense, to five years' probation, with the first year to be served in jail. We affirm.

Detroit Police officers responding to a complaint of narcotics activity near the intersection of Monica and Elmhurst streets in Detroit observed an elderly man approach a parked Cadillac, in which defendant was sitting in the driver's seat. According to the officers, the elderly man's unkempt appearance, sunken eyes, and demeanor were typical of a drug user. The man came within an arm's reach of the Cadillac's driver's side door, and he appeared to be saying something to defendant. When the man saw the police vehicle, he changed his direction and quickly walked away from the Cadillac and out of sight, not stopping despite an officer's request to do so. Officer David Kline, one of the responding officers, believed that the man was trying to evade contact with the officers. Thereafter, Kline observed defendant putting his hands up near the vehicle's headliner, where the interior of the car's roof met the windshield. It appeared to Kline that defendant was "sticking something up in the liner." Kline saw part of a clear plastic bag sticking out from the headliner. Kline ordered defendant to exit the Cadillac. Kline detained defendant while Officer Jesse Wilson inspected the headliner. Wilson removed two clear plastic sandwich bags from the headliner, one containing 23[1] small Ziploc bags of

---

[1] Wilson testified at the suppression hearing that there were 43 small Ziploc bags of cocaine; however, trial testimony revealed that there were only 23 such bags.

suspected crack cocaine, the other containing chunks of suspected heroin. Laboratory analysis confirmed that the substances were cocaine and heroin. Defendant also had on his person $745 in cash.

Defendant moved to suppress the evidence seized from his Cadillac. Following an evidentiary hearing, the trial court concluded that based on the totality of the circumstances, the officers had sufficient probable cause to justify searching the vehicle without a warrant. At trial, defendant testified that he purchased the Cadillac a week earlier, and he denied having knowledge that drugs were concealed in the headliner.

Defendant argues on appeal that the trial court erred in denying his motion to suppress. We review de novo the trial court's ultimate decision on a motion to suppress evidence, and we review the court's findings of fact for clear error. *People v Barbarich*, 291 Mich App 468, 471; 807 NW2d 56 (2011).

The Fourth Amendment of the United States Constitution and the Michigan Constitution both protect persons from unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11; *Barbarich*, 291 Mich App at 472. "The Michigan Constitution is construed to provide the same protection as that provided by the Fourth Amendment absent a compelling reason to do otherwise." *Barbarich*, 291 Mich App at 472 n 1. "[S]everal categories of permissible warrantless searches and seizures are well established in Fourth Amendment jurisprudence," but "[e]ach of these exceptions . . . requires reasonableness and probable cause." *Id.* at 472-473. "[T]he ultimate determination whether a particular search is reasonable is fact intensive and must be measured by examining the total circumstances of each case." *Id.* at 473. "Generally, if evidence is seized in violation of the constitutional prohibition against unreasonable searches and seizures, it must be excluded from trial." *Id.* "The discovery of contraband does not validate an illegal search and seizure." *People v LoCicero (After Remand)*, 453 Mich 496, 501; 556 NW2d 498 (1996) (citation and quotation marks omitted).

In general, police officers may search an automobile without a search warrant if there is probable cause to support the search. *People v Kazmierczak,* 461 Mich 411, 418-419; 605 NW2d 667 (2000). The bases for this exception are the inherent mobility of automobiles and the pervasive regulation of vehicles, which diminishes the expectation of privacy. *People v Carter*, 250 Mich App 510, 515, 517-518; 655 NW2d 236 (2002). The exception applies even in circumstances in which it is not likely that the vehicle will soon be driven away. *Id*. at 514-517. The facts needed to establish this exception are those that would establish sufficient probable cause to issue a warrant, based upon the information known to the officers at the time of the search. *People v Levine,* 461 Mich 172, 179; 600 NW2d 622 (1999). Under the automobile exception, police officers do not need a warrant to search a car if they have probable cause to believe contraband is inside, irrespective of whether the police would have the time and opportunity to obtain a warrant. *United States v Ross,* 456 US 798, 809; 102 S Ct 2157; 72 L Ed 2d 572 (1982); *People v Clark,* 220 Mich App 240, 242; 559 NW2d 78 (1996). "Probable cause to issue a search warrant exists where there is a 'substantial basis' for inferring a 'fair probability' that contraband or evidence of a crime will be found in a particular place." *Kazmierczak*, 461 Mich at 417-418. See also *People v Garvin,* 235 Mich App 90, 102; 597 NW2d 194 (1999). Whether probable cause exists in a given case is determined "in a commonsense manner in light of the totality of the circumstances." *Id.* at 102. The automobile

exception is not limited to traffic stops; it applies to parked vehicles as well. See *People v Wilson*, 257 Mich App 337, 359-360; 668 NW2d 371 (2003), vacated in part on other grounds 469 Mich 1018 (2004).

The trial court did not err in concluding that the totality of the circumstances established that Officers Kline and Wilson had a substantial basis for inferring that defendant was concealing narcotics in his car. *Kazmierczak*, 461 Mich at 417-418. Kline and Wilson were dispatched to the area to investigate a report of narcotics dealing in an apartment building. They were familiar with the area, and they knew from their experience that narcotics were commonly sold in the area. They also knew from their experience that the elderly man had the unkempt and haggard appearance typical of drug addicts. The man's conduct in approaching the Cadillac, seeing the police car, abruptly changing his direction, speaking to defendant, and disregarding the officer's request to stop, was consistent with a person approaching a drug dealer to purchase narcotics, but aborting the transaction when he realized that police were present. Defendant's conduct in reaching for the headliner of the Cadillac was also consistent with concealing narcotics inside the headliner, which Kline and Wilson knew, from their experience, was a common place that drug dealers stored drugs. Finally, first Wilson, and then Kline, observed a small portion of a clear plastic bag sticking out of the headliner. The officers knew, from their experience, that drugs are often packaged for sale in small, clear, plastic bags. The totality of these circumstances justified the search of the Cadillac without a warrant.

Defendant argues that the search was illegal under *Arizona v Gant*, 556 US 332, 342-347; 129 S Ct 1710; 173 L Ed 2d 485 (2009), in which the United States Supreme Court held that the arrest of a motorist does not justify a warrantless search of the motorist's vehicle incident to the arrest where there is no possibility of the defendant accessing the vehicle and no reasonable suspicion that the vehicle contained evidence related to the arresting offense. *Gant* involved a search incident to arrest, and is therefore distinguishable from the instant case, which involves a search pursuant to the automobile exception. The Supreme Court in *Gant* expressly stated that searches pursuant to the automobile exception are distinguishable from searches incident to arrest, and are not limited to circumstances in which the police reasonably believed that the defendant might gain access to the vehicle or that the vehicle contained evidence related to the arrest. The Court stated:

> Under our view, [*New York v*] *Belton* [453 US 454, 101 S Ct 2860; 69 L Ed 2d 768 (1981)] and *Thornton* [*v United States*, 541 US 615; 124 S Ct 2127; 158 L Ed 2d 905 (2004),] permit an officer to conduct a vehicle search when an arrestee is within reaching distance of the vehicle or it is reasonable to believe the vehicle contains evidence of the offense of arrest. Other established exceptions to the warrant requirement authorize a vehicle search under additional circumstances when safety or evidentiary concerns demand. . . . If there is probable cause to believe a vehicle contains evidence of criminal activity, *United States v. Ross*, 456 US 798, 820-821, 102 S Ct 2157, 72 L Ed 2d 572 (1982) authorizes a search of any area of the vehicle in which the evidence might be found. . . . *Ross* allows searches for evidence relevant to offenses other than the offense of arrest, and the scope of the search authorized is broader. [*Gant*, 556 US at 346-347.]

Because this case does not involve a search incident to an arrest, but rather a permissible search under the automobile exception, defendant's reliance on *Gant* is misplaced.[2]

Affirmed.

/s/ Mark T. Boonstra
/s/ Patrick M. Meter
/s/ Jane M. Beckering

---

[2] Defendant does not appear to contest whether the officers could briefly detain him before the search. However, we find that, based on the totality of the circumstances noted above, the officers had a reasonable and articulable suspicion that criminal activity was afoot, thereby justifying defendant's brief detention prior to the search. See *Terry v Ohio*, 392 US 1, 30-31; 88 S Ct 1868; 20 L Ed 2d 889 (1968).